UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>M&R LEASING CORPORATION<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No.<br>)<br>)<br>)<br>)<br>) |

03 12528

FILED
2003 DEC 16 A 11: 40
U.S. DISTRICT COURT
DISTRICT OF MASS.

MLW

Rec #52555

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, as amended, 29 U.S.C. §1381 et. seq., brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA § 502e(1) and (2), and ERISA § 4301, 29 U.S.C. 29 U.S.C. §1451.

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant M&R Leasing Corporation is an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business in Rhode Island and is an employer in an

industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2),(6) and (7).

5. Teamsters Local Union No. 251 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

6. At all material times, Defendant was obligated by the terms of one or more collective bargaining agreements between Defendant and Teamsters Local Union No. 251 and by the terms of an Agreement and Declaration of Trust to which Defendant is bound to make contributions on behalf of certain employees to the Pension Fund.

7. On or about September 30, 2002, Defendant permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

8. By letter dated January 16, 2003, the Pension Fund notified Defendant that Defendant had withdrawn and demanded payment of Defendant's proportionate share of the Pension Fund's unfunded vested benefit liability.

9. In demanding payment of Defendant's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $4,541 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on March 15, 2003.

10. By letter dated April 7, 2003, the Pension Fund notified Defendant that Defendant had failed to make payments in accordance with the Pension Fund's demand and again demanded payment.

11. By letter dated May 1, 2003, Defendant, through counsel, claimed to not have received the Pension Fund's initial demand for payment of withdrawal liability dated January 16, 2003 and requested review of the Fund's calculations.

12. By letter dated July 30, 2003, the Pension Fund issued a new demand for payment extending Defendant's time to make the first payment to October 1, 2003 and responded to Defendant's request for review.

13. By letter dated October 6, 2003 and received by Defendant through counsel on October 6, 2003, the Pension Fund notified Defendant that Defendant had failed to make payments in accordance with the Pension Fund's demand and again demanded payment.

14. Defendant has neither responded to the Pension Fund's letters nor made any payments in accordance with the Pension Fund's demands.

15. Defendant has not initiated arbitration of any dispute concerning the Pension Fund's demand.

WHEREFORE, plaintiff demands that judgment enter in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability;

   b. interest on the withdrawal liability from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated: December 15, 2003

Respectfully submitted,

Catherine M. Campbell
BBO #549397
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976

_____
Attorney for plaintiff,
Charles Langone

CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date, to the Pension Benefit Guaranty Corporation.

Date: December 15, 2003

_____
Catherine M. Campbell